Mr. Terrence P. O'Brien Acting County Attorney Indian River County 1840 25th Street Vero Beach, Florida 32960
Dear Mr. O'Brien:
On behalf of the Indian River County Board of County Commissioners, you ask substantially the following question:
Is a charter school whose school facilities were constructed under local building codes exempt from a county traffic impact fee?
In sum:
The legislative designation of charter schools as public schools appears to demonstrate an intent that charter schools, like other public schools, are exempt from traffic impact fees. It may be advisable, however, for the Legislature to clarify its intent on this matter.
In order to supplement the educational opportunities of children, the Florida Legislature in 1996 authorized the creation of charter schools.[1] The statute, codified at section 228.056, Florida Statutes, allows for both the creation of new charter schools and the conversion of existing public schools to charter status.[2]
Section 228.056, Florida Statutes, provides for the creation of such charter schools as part of the state's program of public education.[3]
Section 235.26, Florida Statutes, authorizes the Commissioner of Education to adopt a uniform statewide building code, known as the State Uniform Building Code for Public Educational Facilities Construction, for the planning and construction of public educational and ancillary plants by district school boards and community college district boards of trustees.[4] Section 235.26(1)(a), Florida Statutes, provides:
"Except as otherwise provided in paragraph (b),[5] all public educational and ancillary plants constructed by a district school board or a community college district board of trustees must conform to the State Uniform Building Code for Public Educational Facilities Construction, and such plants are exempt from all otherstate, county, district, municipal, or local building codes,interpretations, building permits, and assessments of fees forbuilding permits, ordinances, road closures, and impact fees orservice availability fees. Any inspection by local or state government must be based on the Uniform Building Code as prescribed by rule. Each board shall provide for periodic inspection of the proposed educational plant during each phase of construction to determine compliance with the Uniform Building Code." (e.s.)
Section 228.056(16), Florida Statutes, however, provides that a charter school may utilize facilities that comply either with the State Uniform Building Code for Public Educational Facilities Construction or with the state minimum building code and state minimum fire protection code adopted by the authority in whose jurisdiction the facility is located. Pursuant to section 235.017(1), Florida Statutes, a district school board
"shall ensure that all new construction, renovation, remodeling, day labor, and maintenance projects conform to the State Uniform Building Code for Public Educational Facilities Construction or, where applicable as authorized in other sections of law, other building codes, and life safety codes."
According to your letter, you and the former county attorney have advised the county that charter schools are exempt from county impact fees regardless of whether the facility utilized by the school was constructed under the State Uniform Building Code for Public Educational Facilities Construction or under the local building plan. The planning staff for the county, however, is of the view that section 235.26(1), Florida Statutes, exempts charter schools from the impact fee only when a building permit was obtained under the State Building Code for Public Educational Facilities.
The court in Loxahatchee River Environmental Control District v.School Board of Palm Beach County[6] considered the rationale for exempting public schools from local governmental impact fees, stating:
"Public school construction is often urgently needed, but puts a heavy financial burden on the taxpayers of the locality and state, in part because special attention must be given the protection of children's health and safety. It is a legitimate legislative goal to keep such construction costs within reasonable bounds. Exempting school facilities under construction from impact fees imposed by other public agencies can help limit these construction costs. Inasmuch as both school districts and sewer districts are creatures of the people and regulable by the legislature, it is logical for the legislature to decide not to require money needlessly to pass from one agency to the other in the form of impact fees."
Section 228.056(1), Florida Statutes, clearly provides that "[a]ll charter schools in Florida are fully recognized as public schools." This language was added in 1998 to emphasize that "charter schools are public schools."[7] In addition, state funding is available for a charter school's capital outlay funding.[8]
Thus, the rationale for exempting public schools from local impact fees would also appear applicable to charter schools, which are legislatively recognized as public schools and are part of the state's program of public education. If the purpose of the exemption is to protect education funds and prevent the transfer from one governmental entity to another, it makes little sense to exempt a charter school whose facilities were built under the State Uniform Building Code for Public Educational Facilities Construction while including a charter school whose facilities are constructed under the local building codes. In giving effect to that intent, the exemption from impact fees would apply to all charter schools, regardless of whether the school facilities were constructed under the State Uniform Building Code for Public Educational Facilities Construction.[9]
Accordingly, I am of the view that reading section 235.26(1), Florida Statutes, in accordance with its legislative intent to protect funds of public schools from local impact fees, all charter schools are exempt from the county's traffic impact fees. In light of the confusion caused by the language of section 235.26(1), Florida Statutes, it may be advisable for the Legislature to clarify its intent on this issue.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 1, Ch. 96-186, Laws of Fla.
[2] See, s. 228.056(3), Fla. Stat., providing:
"A proposal for a new charter school may be made by an individual, teachers, parents, a group of individuals, a municipality, or a legal entity organized under the laws of this state. The district school board or the principal, teachers, and/or the school advisory council at an existing public school, including a public school-within-a-school that is designated as a school by the district school board, shall submit any proposal for converting the school to a charter school. An application submitted proposing to convert an existing public school to a charter school shall demonstrate the support of at least 50 percent of the teachers employed at the school and 50 percent of the parents voting whose children are enrolled at the school, provided that a majority of the parents eligible to vote participate in the ballot process, according to procedures established by rules of the state board. A private school, parochial school, or home education program shall not be eligible for charter school status."
[3] Section 228.056(1), Fla. Stat.
[4] Section 235.26(1), Fla. Stat.
[5] Section 235.26(1)(b), Fla. Stat., provides that "[a] district school board or community college district board of trustees may conform with local building codes and the administration of such codes when constructing ancillary plants that are not attached to educational facilities, if those plants conform to the space size requirements established in the Uniform Building Code."
[6] 496 So.2d 930, 938 (Fla. 4th DCA 1986).
[7] See, Senate Staff Analysis and Economic Impact Statement on CS/CS/SB 1996 and 1182, dated March 26, 1998. CS/CS/SB 1996 was passed as Ch. 98-228, Laws of Florida.
[8] Section 228.0561, Florida Statutes. And see, Technical Assistance Note No. 97-17, June 9, 1997, Department of Education, Bureau of School Business Services, Mr. David Morris, Administrator, advising that charter school monies received from state, local and federal tax sources are public funds for which the charter school and the sponsoring district are responsible. Stewardship of the funds is maintained through audit reports and oversight of revenues and expenditures by the sponsoring district.
[9] See, e.g., Florida Birth-Related Neurological InjuryCompensation Association v. Florida Division of AdministrativeHearings, 686 So.2d 1349 (Fla. 1997); In re Order on Prosecutionof Criminal Appeals by Tenth Judicial Circuit Public Defender,561 So.2d 1130 (Fla. 1990) (legislative intent is polestar by which court must be guided in interpreting statutory provisions); State,Department of Revenue v. Kemper Investors Life Insurance Company,660 So.2d 1124 (Fla. 1st DCA 1995).